I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: Aug 7, 2009

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

AUG - 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANK JUAN RIVERA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KATHY MENDOZA-POWERS,<br><br>　　　　Respondent. | Case No. CV 09-04873 ABC (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Frank Juan Rivera ("Petitioner"), a state prisoner proceeding *pro se*.[1] The Petition is brought pursuant to 28 U.S.C. § 2254 and it principally challenges the denial of his parole that was made by a panel of the Board of Prison Terms ("Board") following a parole hearing on March 1, 2006. For the reasons set forth below, Petitioner is ordered

---

[1] The Petition is 34 pages in length. (Dkt. #1.) These pages are not consecutively numbered from the first page in violation of the pagination requirements of Local Rule 11-3.3. Consequently, for convenience and clarity, this Order to Show Cause ("OSC") shall cite to the pages of Petitioner's foregoing papers by referring to the electronic pagination supplied by the Court's CM/ECF official electronic document filing system.

to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997) (en banc). In relevant part, § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant

|   |   |
|---|---|
| 1 | to the judgment of a State court. The limitation period shall |
| 2 | run from the latest of -- |
| 3 | (A) the date on which the judgment became |
| 4 | final by the conclusion of direct review or the |
| 5 | expiration of the time for seeking such review; |
| 6 | ... or |
| 7 | (D) the date on which the factual predicate of |
| 8 | the claim or claims presented could have been |
| 9 | discovered through the exercise of due |
| 10 | diligence. |

11  Where, as here, the petition challenges a denial of parole rather than a state
12 court judgment, § 2244's one-year limitation period still applies and the date the
13 statute of limitations begins to run is determined under subparagraph (D) of §
14 2244(d)(1) -- the date when the factual predicate of the claim could have been
15 discovered by the petitioner through the exercise of due diligence. In parole cases,
16 this date is typically the date the parole denial became final. *See Shelby v. Bartlett*,
17 391 F.3d 1061, 1066 (9th Cir. 2004); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir.
18 2003) (limitations period began to run when parole board denied prisoner's
19 administrative appeal challenging the parole board's decision that he was unsuitable
20 for parole); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (limitations
21 period generally begins to run "when the prisoner knows (or through diligence could
22 discover) the important facts, not when the prisoner recognizes their legal
23 significance."); *Solorio v. Hartley*, 591 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008); *see
24 also James v. Mendoza-Powers*, No. 1:09-cv-00426-AWI-DLB (HC), 2009 WL
25 2058528, at *2-*3 (E.D. Cal. July 14, 2009); *Quiros v. Mendoza-Powers*, No. CV
26 06-6159 RGK (JWJ), 2009 WL 1519411, at *3-*4 (C.D. Cal. May 29, 2009);
27 *Feliciano v. Curry*, No. C 07-4713 CW (PR), 2009 WL 691220, at *2 (N.D. Cal. Mar.
28 10, 2009); *Ramirez-Salgado v. Scribner*, No. 08cv562-WQH-WMc, 2009 WL 211117,

at *4 (S.D. Cal. Jan. 22, 2009). Subparagraph (A) of § 2244(d)(1) does not apply in parole cases because the Board's decision constitutes an administrative ruling, not a state court judgment. *Redd*, 343 F.3d at 1081-82; *see also Shelby*, 391 F.3d at 1066 (citing *Redd*'s holding that "§ 2244(d)(1)(D) -- rather than subsection (A) -- [applies] to habeas petitions that challenge administrative bodies such as parole and disciplinary boards.")

Notably, at the time *Redd* was decided on September 11, 2003, California prisoners could challenge the board's adverse parole decision by seeking an administrative appeal from a final decision of the board. *See* Cal. Code Regs. tit. 15, § 2050 *et seq.* (2003). On May 1, 2004 -- almost 2 years before Petitioner's disputed parole hearing took place on March 1, 2006 -- the California Legislature repealed and abolished the administrative appeals process. *See* Cal. Code Regs. tit. 15, § 2050 *et seq.* (2004). However, under the California Code of Regulations, a board's initial hearing decision to deny, grant, or modify parole for a life prisoner eligible for parole is considered a "proposed decision" that is subject to internal administrative review by the board's chief counsel or a designee for a 120 day period following the hearing. Cal. Code Regs. tit. 15, §§ 2041(a), (h); 2043 (2004); *see also* Cal. Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing. During that period, the board may review the panel's decision."). In the absence of any intervening change or modification by the board's chief counsel or designee, the proposed decision becomes "final" on the 120th day following the date of the hearing decision and is no longer subject to any further administrative review by the board. *Id.*; *see also Tidwell v. Marshall*, 620 F. Supp. 2d 1098, 1100-01 (C.D. Cal. 2009); *Leon v. Hartley*, No. 1:09-cv-00445-AWI-DLB (HC), 2009 WL 2043351, at *2-*3 (E.D. Cal. July 10, 2009); *Guzman v. Curry*, No. C 08-2066 SI (pr), 2009 WL 1468723, at *1 (N.D. Cal. May 22, 2009).

The *Redd* panel further emphasized this is true even though a petitioner's claim

1 | may technically still be unexhausted within the meaning of AEDPA:

> AEDPA . . . clearly contemplates that for habeas claims falling under § 2244(d)(1)(D), the statute of limitations will begin to run before exhaustion of state remedies and thus before the federal petition can be filed.
>
> * * * *
>
> Thus, the date of the "factual predicate" for Redd's claim under § 2244(d)(1)(D) is not determined by asking when Redd satisfied AEDPA's exhaustion requirement; rather, it is determined independently of the exhaustion requirement by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence. This occurred when the Board denied Redd's administrative appeal.

*Redd*, 343 F.3d at 1082-84.

Here, the face of the Petition, accompanying memorandum of points and authorities, and attachments, show the Board's adverse decision was made at the end of the March 1, 2006 hearing, and it constituted a proposed decision until it became a final decision on the 120th day after the hearing; that is, June 29, 2006. Consequently, the factual predicate for Petitioner's parole claims accrued on this date, which is the date the Board's adverse parole decision became final from further administrative review by the Board. AEDPA's limitations period began running the next day, June 30, 2006, and ended one year later on June 29, 2007. *See Shelby*, 391 F.3d at 1065-66; *Redd*, 343 F.3d at 1084.

Petitioner missed the deadline because he did not sign and constructively file

the pending Petition until June 29, 2009[2/] -- 731 days (over 2 years) after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling.

## C.   Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Moreover, a California prisoner must seek judicial review of an adverse prison disciplinary board decision by filing a state habeas petition because California does not provide for direct judicial review of adverse administrative decisions. *Redd*, 343 F.3d at 1079 (*citing In re Sturm*, 11 Cal. 3d 258 (1974)). Consistent with this principle, Petitioner sought judicial review of the Board's adverse parole decision.

Petitioner did not file his first state habeas petition with the California Supreme

---

[2/]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on July 7, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on June 29, 2009, the date he signed it. (Pet. at 30.)

Court until November 5, 2008, 495 days after the expiration of the limitation period. (Official records of California courts.[3]) Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because all of them were filed long after the limitation period expired. *See Rivera (Frank) on H.C.*, No. S168068, Cal. Supreme Ct. (filed Nov. 5, 2008, denied May 13, 2009); *In re Frank Rivera*, No. B215247, Cal. App. Ct., 2d Dist./Div. 2 (filed Apr. 9, 2009, denied Apr. 28, 2009). (*Id.*) It is firmly established that to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (where a petitioner does not file his first state petition until after the eligibility for filing a federal habeas petition has lapsed, "statutory tolling cannot save his claim"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001); *see also Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004); *Payne v. Adams*, No. CV 08-5297 FMC (FMO), 2009 WL 2241843, at *5 (C.D. Cal. July 22, 2009).

The face of the Petition, memorandum, attachments, and relevant state court records establish that this Petition, constructively filed on June 29, 2009, is untimely

---

[3] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

by 731 days (the amount of untolled time between the limitation deadline (06/29/07) and the Petition's constructive filing date (06/29/09)).

**D.     Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed, without deciding, that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was

running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. Here, Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

# ORDER

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **August 20, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

///
///
///

1  Petitioner is warned that if a timely response to this Order is not made,
2  Petitioner will waive his right to do so and the Court will, without further notice,
3  issue an order dismissing the Petition, with prejudice, as time-barred. Further,
4  if Petitioner determines the Court's above analysis is correct and the Petition is
5  clearly time-barred, he should file a Request For Voluntary Dismissal of this
6  action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.

8  IT IS SO ORDERED.

10  DATED: August 7, 2009                        /s/ Arthur Nakazato
                                                ARTHUR NAKAZATO
11                                              UNITED STATES MAGISTRATE JUDGE